**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANINE TANG AND BABAK SOBHANI,<br><br>          Plaintiffs,<br>     v.<br><br>NATIONAL RENT A CAR, DEREK MICHAEL HODGINS, AND DOES 1 TO 100 INCLUSIVE,<br><br>          Defendants. | CV 14-3598 RSWL (MANx)<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

     The Court is in receipt of Plaintiffs Janine Tang and Babak Sobhani's ("Plaintiffs") Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c) filed on May 15, 2014 dismissing Defendant United States of America [9].

     This Action was founded on a negligence action against an employee of the federal government [1]. Defendant United States of America removed this Action to this Court on May 9, 2014 pursuant to 28 U.S.C. §

1

Case 2:14-cv-03598-RSWL-MAN   Document 10   Filed 06/10/14   Page 2 of 4   Page ID #:50

1442(a)(1) [1]. That statute permits the United States to remove civil actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity" to the district court "for the district and division embracing the place" where the action is pending. 28 U.S.C. § 1442(a).

When federal parties remove an action under section 1442(a)(1), the federal court assumes jurisdiction over all claims and parties in the case regardless of whether the federal court could have assumed original jurisdiction over the suit. Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) (citing Watkins v. Grover, 508 F.2d 920, 921 (9th Cir. 1974)). If the federal party is dismissed from the suit after removal under this provision, the district court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties. See Watkins, 508 F.2d at 921; see also Anderson v. Allstate Ins. Co., 630 F.2d 677, 681 (9th Cir. 1980). Rather, the district court has the discretion to either adjudicate the underlying state law claims or to remand the case to state court. See Watkins, 508 F.2d at 921.

In prior cases where all federal parties were dismissed, courts have remanded cases involving state law claims, particularly when they presented questions of purely local law and when the federal parties were

1 | dismissed early in proceedings.  See <u>Golden Eagle Ins.</u>
2 | <u>Corp. v. Allied Tech. Grp.</u>, 83 F. Supp. 2d 1132 (C.D.
3 | Cal. 1999) (remanding case because parties failed to
4 | demonstrate that there were federal interests, aside
5 | from state law tort claims, that would be jeopardized
6 | by remanding to state court); <u>see</u> <u>also</u> <u>Spilmon v.</u>
7 | <u>Allis-Chalmers Corp.</u>, No. C-08-4873 MMC, 2008 WL
8 | 5250472 at 1 (N.D. Cal. Dec. 17, 2008) (remanding case
9 | because plaintiffs alleging state law claims had not
10 | alleged additional federal claims and the proceedings
11 | in the action were at an early stage).
12 |     Plaintiff's complaint alleges a state law negligent
13 | entrustment cause of action against Defendant National
14 | Rent A Car.  Dkt # 1 Ex. A at 9.  Since the federal
15 | claim against Defendant United States of America was
16 | dismissed, Plaintiffs' Complaint now pleads only a
17 | state law tort claim arising under California law.
18 | ///
19 | ///
20 | ///

3

1  Therefore, it is hereby **ORDERED** that Plaintiffs
2 show cause demonstrating why this case should not be
3 remanded for lack of subject matter jurisdiction.
4 Plaintiffs have no later than **June 17, 2014**, to
5 respond.

7 **IT IS SO ORDERED.**
8 DATED: June 10, 2014

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

4